# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

BERNADETTE MALDONADO,

    Plaintiff,

v.                                                                                                                                     No. 1:22-cv-0554 DLM

KILOLO KIJAKAZI,
Acting Commissioner of the
Social Security Administration,

    Defendant.

## ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION TO ALTER OR AMEND JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 59(e)

Upon consideration of Plaintiff's Unopposed Motion to Alter or Amend Judgment Pursuant to Federal Rule of Civil Procedure 59(e) (Doc. 43), the Court, having reviewed the motion and being otherwise fully advised, FINDS that the motion is well-taken and will be GRANTED.

In the instant motion, Plaintiff asks the Court to alter or amend its June 5, 2023 Memorandum Opinion and Order pursuant to Federal Rule of Civil Procedure 59(e). (Doc. 43.) The specific language Plaintiff seeks to amend is found on page 10 of the Memorandum Opinion and Order, which currently reads: "IT IS FURTHER ORDERED that Plaintiff's Motion to Reverse and Remand for Rehearing with Supporting Memorandum (Doc. 21) is granted to the extent Plaintiff seeks remand for the immediate award of benefits under Title II *for the period from May 14, 2013, to December 31, 2015*." (Doc. 43 at 2 (quoting Doc. 41 at 10) (emphasis added).) Plaintiff submits that because she has now established eligibility for disability insurance benefits under Title II, she is entitled to back benefits and continuing benefits since her onset date, and the Court should remove the language that references the period from May 14, 2013, to December 31, 2015. (*Id*. at 2.) The Commissioner does not oppose Plaintiff's Motion. (*Id*.)

Upon a subsequent application for Supplemental Security Income benefits under Title XVI of the Social Security Act, Plaintiff was determined to be disabled beginning March 12, 2021. (Doc. 41 at 6 (citing AR at 1252); *see also* AR at 1253 (Appeals Council indicating that an ALJ found Plaintiff disabled as of March 12, 2021, on a subsequent claim for Title XVI disability benefits).) Despite this favorable disability determination, Plaintiff remained ineligible for Title II benefits because the established onset date of March 12, 2021, was beyond her date last insured. (Doc. 38 at 2 n.2.) *See also Wilson v. Astrue*, 602 F.3d 1136, 1139 (10th Cir. 2010) (holding that in order to qualify for disability insurance benefits, a claimant must establish that they met the statutory requirements for disability on or before their date last insured). Further, Plaintiff indicated that her household income precluded entitlement to benefits under Title XVI. (Doc. 38 at 2 n.2.) In effect, Plaintiff's prior disability finding resulted in no entitlement to benefits.

In its June 5, 2023 Memorandum Opinion and Order, however, the Court took up the issue of Plaintiff's disability during the period from May 14, 2013, Plaintiff's amended alleged onset date, through December 31, 2015, her date last insured. (*See* Doc. 41.) With this relevant period in mind, and for the reasons discussed in the Opinion, the Court determined that Plaintiff was entitled to an immediate award of benefits under Title II. (*See id.* at 10.) Because the Court effectively determined that Plaintiff was entitled to benefits before her date last insured, she became eligible for Title II benefits. *See Wilson*, 602 F.3d at 1139. As such, the Court will amend its Order to remove the language purporting to restrict her Title II benefits to the period between May 14, 2013, and December 31, 2015.

**IT IS THEREFORE ORDERED** that Plaintiff's Unopposed Motion to Alter or Amend Judgment Pursuant to Federal Rule of Civil Procedure 59(e) (Doc. 43) is **GRANTED**, and the Court will amend its June 5, 2023 Memorandum Opinion and Order to provide that "IT IS

FURTHER ORDERED that Plaintiff's Motion to Reverse and Remand for Rehearing with Supporting Memorandum (Doc. 21) is granted to the extent Plaintiff seeks remand for the immediate award of benefits under Title II."

_____
DAMIAN L. MARTINEZ
UNITED STATES MAGISTRATE JUDGE

.