IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BERNADETTE MALDONADO,

    Plaintiff,

v.                                                                No. 1:22-cv-0554 DLM

KILOLO KIJAKAZI,
Acting Commissioner of the
Social Security Administration,

    Defendant.

### AMENDED[1] MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Plaintiff's Motion to Reverse and Remand for Rehearing with Supporting Memorandum (Doc. 21), filed December 21, 2022, and on Defendant's Opposed Motion to Remand for Further Proceedings Pursuant to Sentence Four of 42 U.S.C. § 405(g) (Doc. 37), filed April 17, 2023. Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73(b), the parties have consented to me serving as the presiding judge and entering final judgment. (*See* Docs. 33; 35; 36.)

In Plaintiff's Motion to Remand, she articulates three errors by the Administrative Law Judge (ALJ) that she contends constitute reversible error. (*See* Doc. 21.) Given these errors, Plaintiff argues that the case should be remanded, not for further proceedings, but for the immediate payment of benefits. (*Id*. at 26.) Rather than filing a brief in opposition, the Commissioner concedes that this case should be remanded. (*See* Doc. 37.) She notes her objection, however, to Plaintiff's request for an immediate payment of benefits. (*Id*. at 2.) The Commissioner,

---

[1] This Memorandum Opinion and Order is amended on pages 2 and 10 to remove reference to the relevant period (i.e., May 14, 2013, to December 31, 2015) in the Court's Order remanding for the immediate award of benefits under Title II. This alteration is consistent with the relief requested in Plaintiff's Unopposed Motion to Alter or Amend Judgment Pursuant to Federal Rule of Civil Procedure 59(e) (Doc. 43) and with the Court's Order granting that motion (Doc. 44).

instead, takes the position that further administrative proceedings are necessary on remand. (*Id*. at 1.) Having considered the record, the submissions and arguments of counsel, and the relevant law, the Court finds that an immediate award of Disability Insurance Benefits under Title II of the Social Security Act is warranted.

I.      **Background and Procedural Posture**

This is Plaintiff's third appeal to the U.S. District Court on her claims for disability benefits. (*See* Administrative Record (AR) at 1054-56, 1251-53.) Nearly seven and a half years ago, in December 2015, Plaintiff filed her initial application with the Social Security Administration for a period of disability and Disability Insurance Benefits ("DIB") under Title II of the Social Security Act (SSA). (AR at 62–73.) In her initial application, Plaintiff alleged that she became disabled on July 5, 2010, primarily due to an impairment in her right lower extremity. (AR at 17, 62–73, 1175.) Her date last insured was December 31, 2015. (AR at 63, 1175.) Plaintiff's application was denied at the initial level on April 19, 2016 (AR at 63–73), and at the reconsideration level on September 27, 2016. (AR at 88–97.)

Plaintiff requested a hearing (AR at 99), which ALJ Stephen Gontis conducted on October 4, 2017 (AR at 28–61). On March 28, 2018, ALJ Gontis issued his decision, finding that Plaintiff was not disabled under the relevant sections of the Social Security Act. (AR at 15–23.) Following the Appeals Council's denial of her request for review (AR at 1–3), Plaintiff filed her first appeal in this Court on February 7, 2019. (AR at 1046–47.)

Having considered the substance of Plaintiff's motion to reverse and remand, the Commissioner agreed that remand was proper and filed an unopposed motion to remand, which Chief United States Magistrate Judge Gregory B. Wormuth granted on November 14, 2019. (AR at 1048–49.) *See also Maldonado v. Saul*, No. 1:19-cv-0016 GBW (Doc. 27) (D.N.M. Nov. 14,

2019). On remand, ALJ Gontis held a second administrative hearing on October 23, 2020. (AR at 1012–22.) He then issued a second unfavorable decision on November 20, 2020. (AR at 996–1005.)

Again, Plaintiff appealed to this Court. *See Maldonado v. Kijakazi*, No. 1:21-cv-0001 CG (Doc. 1) (D.N.M. Jan. 4, 2021). And, again, upon receipt of Plaintiff's motion to reverse and remand, the Commissioner agreed that remand was appropriate. (AR at 1243–45.) *See also Maldonado v. Kijakazi*, No. 1:21-cv-0001 CG (Doc. 22) (D.N.M. Sept. 17, 2021). Following this Court's second remand (AR at 1246–47), the Appeals Council remanded to a different ALJ with instructions to conduct another administrative hearing. (AR at 1249–53). Plaintiff's third administrative hearing was held on June 21, 2022, by ALJ Michael Leppala. (AR at 1203–24.) ALJ Leppala noted Plaintiff's request to amend her onset date to May 14, 2013. (AR at 1172.) After hearing testimony from Plaintiff and from a vocational expert (AR at 1201–24), ALJ Leppala issued another unfavorable decision on July 5, 2022 (AR at 1172–90). This appeal, Plaintiff's third, followed on July 26, 2022. (Doc. 1.)

**II.     Legal Standard**

The Court's review of the Commissioner's final decision is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the ALJ applied the correct legal standards to evaluate the evidence. 42 U.S.C. § 405(g); *Hamlin v. Barnhart*, 365 F.3d 1208, 1214 (10th Cir. 2004). "The failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (quotation marks, brackets, and citation omitted omitted). Upon determining that reversal is warranted, district courts have

discretion to remand either for further administrative proceedings or for an immediate award of benefits. *Ragland v. Shalala*, 992 F.2d 1056, 1060 (10th Cir. 1993).

### III.  The ALJ's Determination

ALJ Leppala reviewed Plaintiff's disability claim pursuant to the five-step sequential evaluation process. (AR at 1172–90.) First, he found that she met the Social Security Act's insured status requirements through December 31, 2015, and had not engaged in substantial gainful activity from May 14, 2013, the amended alleged onset date, through December 31, 2015, the date last insured. (AR at 1175.) The ALJ found at step two that Plaintiff suffered from the severe impairments of "complex regional pain syndrome of the right ankle, foot, and calf; diabetes mellitus; osteoarthritis and tibiotalocalcaneal fusion of the right ankle; and obesity." (AR at 1175.) At step three, he concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the criteria of listed impairments under Appendix 1 of the SSA's regulations. (AR at 1176–77.)

Moving to the next step, ALJ Leppala reviewed the evidence of record, including medical opinions and evidence from treating and consulting providers, prior administrative medical findings, and Plaintiff's own subjective symptom evidence. (*See* AR at 1177–88.) Having done so, he concluded that for the relevant period, Plaintiff possessed a residual functional capacity (RFC) to

> perform sedentary work as defined in 20 [C.F.R. §] 404.1567(a) and [§] 416.967(a) except [she] was capable of occasionally lift[ing] and/or carry[ing] ten pounds. She could frequently lift and/or carry less than ten pounds. She could stand and/or walk for two hours in an eight-hour workday and sit for about six hours in an eight-hour workday, all with normal breaks. She was further limited to occasionally climbing ramps or stair[s]; never climbing ladders, ropes, or scaffolds; and frequently balancing. She required the use of a single point cane and a walking boot to ambulate over distance and uneven terrain. [She] was limited to frequent exposure to extreme cold, wetness, and vibration, and she must avoid all exposure to

> unprotected heights, dangerous machinery, moving machinery and operation of motor vehicles.

(AR at 1177.) Based on this RFC, the ALJ determined that Plaintiff was unable to perform any past relevant. (AR at 1188.)

At step five, however, ALJ Leppala determined that "there are jobs that exist in significant numbers in the national economy that [Plaintiff] also can perform . . . ." (AR at 1188). He therefore concluded that Plaintiff "ha[d] not been under a disability, as defined in the Social Security Act, from July 5, 2010,[2] through the date of [the ALJ's] decision." (AR at 1190.)

## IV.   Discussion

In her Motion to Remand, Plaintiff contends that ALJ Leppala committed three errors when he issued his July 5, 2022 disability decision. (Doc. 21 at 2.) Of relevance to the issues presently before the Court, Plaintiff contends that the ALJ failed to properly weigh the opinions of her treating physicians, Miguel Pupiales, M.D. and Lara Barkoff, M.D. (*Id*. at 10–23.) To summarize, Plaintiff maintains that in evaluating the opinions of these treating physicians the ALJ "mischaracterized evidence," offered "unclear and contradictory reasoning," "substituted his own judgement [sic] for that expressed in the medical opinions," and failed to support his analysis with substantial evidence. (*Id*. at 23.) Having examined Plaintiff's arguments and the relevant portions of the administrative record, the Court agrees with the parties that reversal is appropriate on the basis that the ALJ improperly weighed the opinions of Plaintiff's treating sources. The question remains, however, whether the case should be remanded for further proceedings, as the Commissioner contends, or for an immediate award of benefits, as Plaintiff requests.

---

[2] ALJ Leppala's reference to a July 5, 2010 onset date in this portion of his disability decision appears to be a clerical error, as the balance of his decision acknowledges and accepts that Plaintiff amended her onset date to May 14, 2013. (*See e.g*., AR at 1173 ("I conclude that [Plaintiff] has not been under a disability . . . from May 14, 2013, through the date last insured."), 1175 (Plaintiff "has not engaged in substantial gainful activity from May 14, 2013, the amended alleged onset date, through December 31, 2015, the date last insured . . . .").)

In her Motion to Remand, the Commissioner clarifies that she "agrees that this case should be remanded [but] for further evaluation of *the medical opinion evidence*." (Doc. 37 at 5) (emphasis added).) In other words, the Commissioner appears to concede that the ALJ failed to properly consider the opinions of Plaintiff's treating providers. Although the Commissioner acknowledges that the Court "has authority under 42 U.S.C. § 405(g) to reverse without remanding for further proceedings (i.e., to order the Commissioner to award benefits)," she suggests that such authority should be exercised only in "limited" or "rare" circumstances that are not present here. (*Id*. at 2 (citing *INS v. Orland-Ventura*, 537 U.S. 12, 16 (2002) (per curium)).).

Plaintiff argues that various factors support an award of immediate benefits in this case. She notes, for instance, that her disability claim has been pending for over seven years, with two previous voluntary remands and three administrative hearings. (Doc. 38 at 2.) She emphasizes that this marks the third occasion on which an ALJ has committed harmful error in evaluating her disability claim. (*Id*. at 4.) Plaintiff further explains that, in the meantime, her long-time treating podiatrist and surgeon, Floyd Pacheco, DPM, passed away, making it "unlikely that further fact-finding would serve any useful purpose, as the record is already complete."[3] (*Id*. at 2.) Finally, Plaintiff reports that upon a subsequent application for Supplemental Security Income benefits under Title XVI of the Social Security Act, she was determined to be disabled beginning March 12, 2021.[4] (*Id*. (citing AR at 1252); *see also* AR at 1253 (Appeals Council indicating that an ALJ found Plaintiff disabled as of March 12, 2021, on a subsequent claim for Title XVI disability benefits).)

---

[3] As noted above, Plaintiff claims disability based primarily upon her a right ankle injury or chronic regional pain syndrome in her right lower extremity. (AR 17, 62–73, 1175.) Thus, the opinions and treatment records of her treating podiatrist are of particular relevance.

[4] Despite this favorable disability determination, Plaintiff explains that she did not qualify for Title II benefits based upon this determination, as the established onset date of March 12, 2021, was beyond her date last insured. (Doc. 38 at 2 n.2.) Further, she indicates that she "does not financially qualify for Title XVI benefits." (*Id*.)

Although it is far from routine, judges in this District have at times exercised discretion to remand Social Security cases for an immediate award of benefits. *See, e.g.*, *Tilla v. Kijakazi*, Civ. No. 22-04 JFR, 2022 WL 16572392, at *13 (D.N.M. Nov. 1, 2022); *Jennifer S. v. Kijakazi*, Civ. No. 20-1021 SCY, 2022 WL 860369, at *12 (D.N.M. Mar. 23, 2022); *Rees v. Kijakazi*, Civ. No. 2:20-0575 KWR/LF, 2021 WL 5416225, at *9 (D.N.M. Nov. 19, 2021); *Mendoza-Martinez v. Kijakazi*, Civ. No. 20-0310 SMV, 2021 WL 5207074, at *9 (D.N.M. Nov. 9, 2021). The Tenth Circuit has offered the following guidance to courts considering this option: courts should consider both "the length of time the matter has been pending and whether or not given the available evidence, remand for additional fact-finding would serve any useful purpose [or] merely delay the receipt of benefits." *Salazar v. Barnhart*, 468 F.3d 615, 626 (10th Cir. 2006) (internal quotation marks, brackets, and citations).  First, with respect to the length of time this case has been pending, the Court observes that Plaintiff's eligibility for benefits during the relevant period remains unresolved after more than seven years and three appeals to this Court. Plaintiff has met her burden to show disability at the first four steps of the five-step sequential analysis each of three times that an ALJ considered her claim. (*See* AR at 15–23, 996–1005, 1172–90.) There is little question that the prolonged nature of this case's procedural history weighs in favor of an immediate award of benefits. After all, the Commissioner "is not entitled to adjudicate a case '*ad infinitum* until [she] correctly applies the proper legal standard and gathers evidence to support [her] conclusion.'" *Sisco v. U.S. Dep't of Health & Human Servs.*, 10 F.3d 739, 746 (10th Cir. 1993) (quoting *Thaete v. Shalala*, 826 F. Supp. 1250, 1252 (D. Colo. 1993)); *see also Huffman v. Astrue*, 290 F. App'x 87, 90 (10th Cir. 2008) (remanding for an immediate award of benefits where the ALJ's decision was too vague for meaningful review, the case had previously been remanded, and the matter had been pending for over six years).

Nor can the Court say that remanding for additional fact-finding would serve a useful purpose. For one thing, the Commissioner's history of multiple erroneous dispositions in evaluating Plaintiff's disability claim undermines the Court's confidence that remanding this case yet again will produce a decision supported by substantial evidence and free from legal error. Further, the Commissioner has not pointed to any yet-to-be submitted evidence that should be considered and weighed by the Commissioner in determining Plaintiff's RFC. There is ample medical evidence already available in the 2086-page administrative record, and the Court has little reason to believe that remanding for further fact-finding would somehow lead to additional evidence that would significantly alter the record under consideration. As explained by Plaintiff, her long-time treating podiatrist and surgeon, Dr. Pacheco, is no longer available to offer or clarify evidence or opinions. Critically, the record is complete as to the closed period at issue: May 14, 2013, through December 31, 2015.

The Commissioner contends that conflicting opinions regarding Plaintiff's work-related limitations, already in the record, necessitate further proceedings on remand. (Docs. 37 at 4–5 (citing *Winick v. Colvin*, 674 F. App'x 816, 823 (10th Cir. 2017); AR at 69–72, 79–80, 366, 661, 745, 1621–22, 2080–81, 2083–84); 39 at 4).) She notes, for example, that the ALJ gave significant weight to the opinions of independent medical examiner Christopher Patton, D.O., who opined in October 2016, that Plaintiff "could return to work at a sedentary-duty category at [that] time with limited standing and walking, and no use of ladders, unprotected height[s] or stairs."[5] (AR at 661; Doc. 37 at 6 (citing AR 604–64, 1184).) In contrast, Dr. Barkoff opined that Plaintiff could sit for less than two hours in an eight-hour day and had various postural limitations (AR at 2081), and Dr. Pupiales opined that Plaintiff could "walk and stand for approximately 20 minutes and then

---

[5] Sedentary work is "defined as [a job] which involves sitting." 20 C.F.R. § 404.1567(a). "Jobs are sedentary if walking and standing are required occasionally and other sedentary criterial are met." *Id*.

8

change positions, sit for 3–5 hours" (AR at 745). Notably, for the full range of sedentary work, "[s]itting would generally total about [six] hours of an [eight]-hour workday." SSR 96-9p, 1996 WL 374185, at *3 (July 2, 1996). Moreover, the VE testified that an alternating sit/stand option every 20 minutes would eliminate the jobs she identified as existing in significant numbers in the national economy that a hypothetical individual could perform. (AR at 1223.) The Commissioner submits that conflicts between Dr. Patton's opinions and those of Plaintiff's treating physicians warrant remand because they suggest that further proceedings could produce a decision by the ALJ that Plaintiff was not disabled during the relevant period. (Doc. 37 at 6.) But the Commissioner offers no authority to suggest that an immediate award of benefits is precluded by a record that does not *wholly* support a favorable disability determination. The Court is satisfied that district courts enjoy more discretion than the Commissioner's argument suggests. *See Ragland*, 992 F.2d at 1060. Indeed, in support of the opposite notion, Plaintiff points to a decision by United States Magistrate Judge Stephan M. Vidmar of this District in which he reasoned as follows: "The standard asks when additional fact-finding would serve no useful purpose. Full stop. There is no requirement that the 'record fully support [ ] that the Plaintiff is disabled as a matter of law.'" (Doc. 38 at 4 (quoting *Mendoza-Martinez v. Kijakazi*, Civ. No. 20-0310 SMV, 2021 WL 5207074, at *9 (D.N.M. Nov. 9, 2021)).) That Dr. Patton offered an opinion not entirely consistent with those of Plaintiff's treating physicians does not necessitate further proceedings on remand. As Plaintiff puts it, "much of the complexity in the record stems from the fact that [her] case has been pending for over seven years[, and r]emanding for further fact-finding will only add unnecessarily to the record for the time period after [she] was found disabled." (*Id*. at 3.) The Court considers Plaintiff's position persuasive and identifies no useful purpose for further proceedings on remand.

## V. Conclusion

The age of this case, the multiple trips to federal court each producing unopposed remands, the closed relevant period, the treating physician opinions that Plaintiff was not capable of the full range of sedentary work, and the voluminous administrative record all militate against remanding for further fact-finding. The Court is satisfied that an immediate award of benefits is appropriate, and it declines to remand to give the Commissioner a fourth opportunity to meet her burden.

**IT IS THEREFORE ORDERED** that Defendant's Opposed Motion to Remand for Further Proceedings Pursuant to Sentence Four of 42 U.S.C. § 405(g) (Doc. 37) is **denied** to the extent the Commissioner seeks an order requiring further proceedings.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Reverse and Remand for Rehearing with Supporting Memorandum (Doc. 21) is **granted** to the extent Plaintiff seeks remand for the immediate award of benefits under Title II.

_____
DAMIAN L. MARTINEZ
UNITED STATES MAGISTRATE JUDGE