IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BERNADETTE MALDONADO,

    Plaintiff,

v.                                                                                           No. 1:22-cv-0554 DLM

MARTIN O'MALLEY,
Commissioner of Social Security Administration

    Defendants.

## ORDER ON ATTORNEY'S FEES

**THIS MATTER** comes before the Court on Plaintiff's Motion for Attorney Fees. (Doc. 49.) Plaintiff seeks attorney fees in the amount of $29,941.50, and Defendant declined to take a position on the requested award. (*Id.* at 1–2.) Having considered the motion and finding that the amount to be awarded is reasonable, the Court will GRANT Plaintiff's Motion.

On July 26, 2022, Plaintiff filed a Complaint seeking judicial review, for the third time, of Defendant's denial of her application for Social Security disability benefits. (Doc. 45 at 2.) "Nearly seven and a half years" after Plaintiff filed her initial application, this Court reversed the decision of the Commissioner and remanded the matter for the immediate award of benefits under Title VII and awarded EAJA fees in the amount of $8,293.00. (Docs. 45 at 2, 10; 47.) Following this Court's remand, the Social Security Administration awarded $148,566.00 in past due benefits (Doc. 49-1), but withheld 25% percent of those benefits, $37,141.50, to pay her representative. Plaintiff's counsel asks the Court to authorize an attorney fees award for approximately 20% of the amount that Social Security Administration withheld.

When a Court finds in favor of a Social Security claimant who is represented by counsel, a court may allow "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled." 42 U.S.C. § 406(b)(1)(A). "In the Social

Security context, EAJA fees are awarded to the prevailing party in addition to and separate from fees awarded for representation before the court under 42 U.S.C. § 406(b)(1)(A)." *Wrenn ex rel. Wrenn v. Astrue*, 525 F.3d 931, 934 (10th Cir. 2008). Additionally, if a court awards fees under both EAJA and § 406(b), "attorneys are required to refund the lesser of the EAJA or § 406(b) fees to the client, they cannot keep both." *Id.* "The court may award fees under § 406(b) when 'the court remands . . . a case for further proceedings and the Commissioner ultimately determines that the claimant is entitled to an award of past-due benefits.'" *Anaya v. O'Malley*, CIV 21-0273 KBM, 2024 WL 865865, at *1 (D.N.M. Feb. 29, 2024) (quoting *McGraw v. Barnhart*, 450 F.3d 493-96 (10th Cir. 2006)).

The only limitation on contingency fee agreements is that they "are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits." *Gisbrecht v. Barnhart*, 535 U.S. 798, 807 (2002). An attorney for a successful claimant must nevertheless "show that the fee sought is reasonable for the services rendered." *Id.* at 807; *see id.* at 807 n.17 ("[T]he statute does not create any presumption in favor of the agreed upon amount [and] the attorney bears the burden of persuasion that the statutory requirement has been satisfied.") (quotations omitted)

Courts evaluate whether requested fees are reasonable by looking to quality of the representation and the results the representation achieved. *Id.* at 808.

> Factors relevant to the reasonableness of the fee request include: (1) whether the attorney's representation was substandard; (2) whether the attorney was responsible for any delay in resolution of the case; and (3) whether the contingency fee is disproportionately large in comparison to the amount of time spent on the case.

*Anaya*, 2024 WL 865865, at *1 (citing *Gisbrecht*, 535 U.S. at 808.) To aid in assessing the reasonableness of a requested fee, a court may require a claimant's attorney to submit "a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing

charge for noncontingent-fee cases." *Gisbrecht*, 525 U.S. at 808. Additionally, "[42 U.S.C. § 406(b)] does not specify a deadline for requesting fees[, but the Tenth Circuit] has held that a request should be filed within a reasonable time of the Commissioner's decision awarding benefits." *Anaya*, 2024 WL 865865, at *1 (quoting *McGraw*, 450 F.3d at 505) (internal quotation marks omitted).

In this case, the Court finds that Armstrong Johnson Law, LLC firm provided highly satisfactory representation and not only obtained a fully favorable decision but also resolved a matter Garcia had pursued for three-quarters of a decade. Counsel did not delay the proceedings before this Court, and Plaintiff filed the Motion within a reasonable time after receiving the amended notice of award. (*See* Doc. 48 (informing the Court of the intent to file the motion as soon as Plaintiff received the amended notice of award from Defendant).) The Court further finds that the requested fees are only 20% of the total award—approximately $7,000 less than the 25% permitted by 20 U.S.C. § 406(b) and the retainer agreement—and proportionate to the significant amount of time counsel spent on the case—61.7 hours.

Lastly, although it is a large total sum, after taking into account the time devoted to the representation, the hourly rate for the representation is only $485.27 and is similar to other awards authorized in this District under § 406(b). *See e.g., Faircloth v. Barnhart*, 398 F. Supp. 2d 1169, 1175 (D.N.M. 2005) (awarding $7,449.65 for 14.6 hours of work, or $510.25 per hour); *Herrera v. Saul*, Civ. No. 19-140 CG (Doc. 34) (awarding $20,000 for 25 hours of work, or $800.00 per hour); *Baca v. Saul*, Civ. No. 17-449 CG (Doc. 20) (awarding $24,906.00 for 24.3 hours of work, or $1024.93 per hour). Accordingly, the Court finds the Plaintiff has satisfied her burden to demonstrate that the requested award is reasonable and proportional.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Attorney Fees under § 406(b)

is **GRANTED**. Plaintiff's counsel is authorized to receive a total of $29,941.50 under 20 U.S.C. 406(b).

**IT IS FURTHER ORDERED** that Counsel shall refund to Plaintiff the EAJA fee previously awarded, in accordance with *Gisbrecht*, 535 U.S. at 795, or, if applicable, only such portion of the EAJA fee not subject to offset under the Treasury Offset Program (31 U.S.C. § 3716(c)(3)(B) (2006)).

**IT IS SO ORDERED**.

_____
DAMIAN L. MARTINEZ
UNITED STATES MAGISTRATE JUDGE